PER CURIAM.
The appellant challenges the trial court’s order denying his Florida Rule of Criminal Procedure 3.800(a) motion. After being convicted of possession of a firearm by a convicted felon, a second-degree felony, and classified as a habitual violent felony offender, the appellant was sentenced to 30 years’ imprisonment with a 15-year minimum mandatory. The minimum mandatory portion of appellant’s sentence exceeds the 10-year minimum mandatory term authorized under section 775.084(4)(b)2, Florida Statutes (Supp.1996). Therefore, we reverse and remand with instructions to the trial court to correct this sentence to reflect a 10-year minimum mandatory. See Ruffin v. State, 835 So.2d 272 (Fla. 3rd DCA 2002) (remanding to the trial court to correct a sentence for second-degree felony as a habitual violent felony offender to reflect a 10-year minimum mandatory).
The trial court’s order is otherwise affirmed.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
ERVIN, WEBSTER, and HAWKES, JJ., concur.